MARY'S OPINION HEADING 









                                                NO.
12-05-00130-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

ALFONZO LAMAR BLACK,          §                      APPEAL
FROM THE 7TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                     
                                                      

MEMORANDUM
OPINION

            A jury convicted Appellant Alfonzo Lamar Black of the
offense of aggravated assault on a public servant and assessed his punishment
at imprisonment for thirty years.  In his
one issue on appeal, Appellant contends the trial court erred in admitting
evidence of fourteen warrants for his arrest outstanding at the time of his
arrest for this offense.  We affirm.

 

Background








            Officer Patrick Mulligan observed Appellant’s car roll
through a stop sign.  Officer Mulligan
followed Appellant and activated the lights on his motorcycle signaling that
Appellant should stop.  Appellant told
his passenger, his fiancé, that he intended to run.  Appellant turned his car into a residential
driveway and drove sixty yards up the steeply inclined driveway before
stopping.  Officer Mulligan stopped his
motorcycle a car length or a car length and a half behind Appellant’s vehicle.
Immediately after stopping his car, Appellant fled on foot through the residence’s
backyard and into the nearby woods. Appellant’s auto started rolling backwards
down the hill.  Before Officer Mulligan
could push his motorcycle out of the way, Appellant’s car, with its motor still
running and the transmission still in drive, hit Officer Mulligan and the
motorcycle, slamming the officer and the motorcycle to the ground between a
retaining wall and Appellant’s car. 
Officer Mulligan suffered a cut nose and a slight sprain of his left
ankle.  He also testified that he was
stiff and sore for the next few days.

            Another officer and a citizen apprehended Appellant by
tackling him after a short chase.

 

Extraneous Offenses

            In his one issue presented, Appellant contends the trial
court reversibly erred in admitting evidence of fourteen warrants for his
arrest outstanding at the time of his apprehension for this offense.

Standard of Review

            A trial court’s decision to admit or exclude evidence is
reviewed under an abuse of discretion standard. 
See Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex.
Crim. App. 1990).  As long as the trial
court’s ruling was “within the zone of reasonable disagreement,” its decision
will be sustained.  Id. at
391.  A determination is beyond the zone
of reasonable disagreement if by no reasonable perception of common experience
could it be concluded that the proffered evidence had a tendency to make the
existence of a fact of consequence more or less probable than it would be
otherwise.  Id.  If the trial court’s ruling on the admission
of evidence is correct under any theory of law, the trial court’s decision
should not be disturbed even if the trial court gives the wrong reason for its
ruling.  See Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Applicable Law

            Rule 404(b) of the Texas Rules of Evidence provides in
pertinent part as follows:

 

Evidence
of other crimes, wrongs, or acts is not admissible to prove the character of a
person in order to show that he acted in conformity therewith.  It may, however, be admissible for other
purposes, such as proof of motive, opportunity preparation, plan, knowledge,
identity, or absence of mistake or accident. . . .

 

 

Tex.
R. Evid.
404(b).  “[T]he mere fact that a party
introduces evidence for a purpose other than character conformity, or any of
the other enumerated purposes in Rule 404(b), does not, in itself, make that
evidence admissible.”  Rankin v.
State, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996).  A Rule 404(b) objection requires a relevancy
analysis of the challenged evidence.  Id.
 “Relevant evidence” means
evidence having any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable
than it would be without the evidence.  Tex. R. Evid. 401.  Evidence which is not relevant is
inadmissible.  Tex. R. Evid. 402.  In Rankin,
the court of criminal appeals explained the relevancy inquiry necessary under
404(b).

 

Under
Montgomery, then, it appears that “fact of consequence” includes
either an elemental fact or an evidentiary fact from which an elemental fact
can be inferred.  An evidentiary fact
that stands wholly unconnected to an elemental fact, however, is not a fact of
consequence.  A court that articulates
the relevancy of evidence to an evidentiary fact but does not, in any way, draw
the inference to an elemental fact has not completed the necessary relevancy
inquiry because it has not shown how the evidence makes a “fact of consequence”
in the case more or less likely.

 

 

Rankin, 974
S.W.2d at 710.

            Although the evidence of extraneous offenses satisfies
all the requirements for admissibility under Rule 404(b), the trial court may,
under Rule 403, still exclude it, because it is excessively prejudicial.  Id.  Rule 403 states as follows:

 

Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence.

 

 

Tex.
R. Evid.
403.  If the defendant has raised a Rule
403 objection, the trial court must conduct a balancing test to determine if
the probative value of the evidence is substantially outweighed by one or more
of the named dangers.  Montgomery,
810 S.W.2d at 388.  Factors to be
considered in making this determination include the potential the other crimes,
wrongs, or acts have to impress the jury in some irrational but indelible way
and the trial time needed to develop the evidence.  The proponent’s need for the evidence should
be assessed considering what other evidence the proponent has available to
establish the same fact that the extraneous misconduct was relevant to show,
how strong that evidence is, and whether the fact of consequence is related to
an issue in dispute.  Id.
at 390.

            Appellant was charged with acting intentionally,
knowingly, or recklessly.  The Penal Code
defines these culpable mental states:

 

(a)           A
person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or
desire to engage in the conduct or cause the result.

 

(b)           A
person acts knowingly, or with knowledge, with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge,
with respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.

 

(c)           A
person acts recklessly, or is reckless, with respect to circumstances
surrounding his conduct or the result of his conduct when he is aware of but
consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur. 
The risk must be of such a nature and degree that its disregard
constitutes a gross deviation from the standard of care that an ordinary person
would exercise under all the circumstances as viewed from the actor’s
standpoint.

 

 

Tex.
Pen. Code Ann. § 6.03(a)-(c) (Vernon 2003).

Discussion

            Immediately before the close of the State’s evidence, the
prosecutor, over Appellant’s objection, asked Officer Horton of the Tyler
Police Department how many warrants for Appellant’s arrest were outstanding on
April 27, 2004, the date of the instant offense.  The prosecutor then asked Officer Horton to
read for what offenses the fourteen warrants were issued.  Officer Horton read as follows:

 

Criminal
non-support, possession of marijuana, failed to identify, possession of
marijuana, no driver’s license, failed to maintain financial responsibility,
failed to appear, failed to appear, speeding, failed to maintain financial
responsibility, no driver’s license, racing, failed to maintain financial
responsibility, and no driver’s license.

 

 

Appellant had objected to the
testimony regarding the outstanding warrants under Rule 404(b), contending
that, although the evidence was probative of the reason for his attempt to
evade arrest, it had no relevance to any issue in dispute.  Therefore, Appellant argued, the testimony
about the warrants served no purpose except to show character conformity and
was inadmissible.  Even if relevant,
Appellant contended, the probative value of the evidence was substantially
outweighed by the danger of its prejudicial effect.

            The State maintained at trial that the evidence was
probative of Appellant’s motive in assaulting Officer Mulligan and therefore
relevant to show “intent or state of mind.”

            The trial court found the evidence regarding the warrants
was relevant to show why Appellant reacted in such a peculiar fashion to an
apparent traffic stop.  The trial court
also conducted a Rule 403 balancing test and determined that the probative
value of the evidence was not substantially outweighed by the danger of unfair
prejudice from their admission.

            The facts are not in dispute.  It is uncontroverted that when Appellant saw
Officer Mulligan signaling him to stop, he told his fiancé that he was going to
run; he turned into a long inclined driveway, stopped the car with its rear
wheels still on the downhill slope, and fled leaving the car’s transmission in
drive.  It is also uncontested that, as
Officer Mulligan dismounted from his motorcycle, he saw Appellant flee and then
saw Appellant’s vehicle rolling down the hill toward him.  There is no question that Officer Mulligan
was injured in the resulting collision.

            Appellant’s culpable mental was the only disputed
issue.  The State had the burden of
establishing that Appellant’s conduct was not merely grossly negligent or even
criminally negligent, but that Appellant acted intentionally, knowingly, or
recklessly.  The State suggests on appeal
that the evidence of the outstanding warrants aids the inference that
Appellant, desperate to avoid imprisonment, left the vehicle intending that it
roll back on the officer, impeding the officer’s pursuit and aiding Appellant’s
escape.  It seems improbable that
Appellant acted intentionally.  But from
these facts, the jury might reasonably infer recklessness; that, because of the
warrants, Appellant was so desperate to evade arrest that, knowing the officer
was dismounting behind him, he abandoned his vehicle on an incline and in
drive, consciously disregarding the substantial and unjustifiable risk of injury
to Officer Mulligan.  Therefore, the
evidence of the outstanding warrants does more than explain his flight, but
also bears on the elemental issue of Appellant’s culpable mental state.  The trial court did not abuse its discretion
in determining the evidence admissible under Rule 404(b).

            The trial court also found that the challenged testimony
should not be excluded under Rule 403. 
Although we have determined that the testimony in question served to
make more probable a fact of consequence at issue, Appellant’s culpable mental
state, we hesitate to characterize the evidence as compelling.  Moreover, the State presented no evidence,
other than the warrants, that Appellant had actually committed the offenses
named in the warrants.

            At least three factors must be weighed in favor of
admitting the challenged evidence.  See
Manning v. State, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).  Most of the extraneous offenses were traffic
related.  One was for criminal nonsupport
and two others were for possession of marijuana.  Therefore, the offenses had only a slight
potential to irrationally and indelibly impress the jury.  The State devoted little time to the
development of the evidence of the outstanding warrants.  Finally, the State apparently had almost no
other evidence available that might serve to establish one of the culpable
mental states charged.  We conclude that
the trial court did not abuse its discretion in refusing to exclude the
evidence under Rule 403.   Appellant’s
sole issue is overruled.

 

Disposition

            The judgment of the trial court is affirmed.

 

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

 

Opinion
delivered August 25, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)